`

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

IN RE MAHEALANI V. OLIVER      )      MC 09-00120 HG-LEK
                               )
IN RE ERIC AARON LIGHTER,      )
                               )
                               )
                               )
                               )
_____)


**FINDINGS AND RECOMMENDATION TO DENY**
**PETITION FOR RETURN OF PROPERTY**

        Before the Court is a letter from Mahealani V. Oliver

transmitting declarations by herself and by Eric Lighter, filed

April 29, 2009.  The Court construes the letter and the attached

declarations as a petition for relief ("Petition").  It is

difficult to discern what relief Ms. Oliver and Mr. Lighter

(collectively "Petitioners") seek, but the letter alleges that

"certain special agents" stole their private personal property

and that Petitioners have tried to retrieve the allegedly stolen

property.  [Petition at 1.]

        On May 19, 2009, Respondent United States of America

("the Government") filed its Response to Objections and Motions

for Return of Property Filed by John Oliver, Petro Hoy, Lehua

Hoy, Pilialoha Teves, and Mahealani Ventura-Oliver ("Response").

        The Court construes the Petition as a request to unseal

the applications and affidavits for search warrant, and for

return of property pursuant to Fed. R. Crim. P. 41(g).  This

Court further finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

After careful consideration of the Petition, Response, exhibits and declarations, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Petition be DENIED for the reasons set forth below.

## BACKGROUND

On April 6, 2009, Steven Carter, Special Agent with the Federal Bureau of Investigation ("Agent Carter"), filed his Application and Affidavit for Search Warrant ("Search Warrant"). Ms. Oliver's home was searched by federal agents on April 7, 2009, and personal property was taken by these agents as a result of that search. [Response, Exh. A.] The instant Petition followed.

In its Response, the Government states that it is "conducting a criminal investigation into the activities of various individuals involved in the marketing of a program which allegedly provides mortgage loan assistance to individuals experiencing financial difficulties." [Response at 3.] No criminal charges have yet been brought and "the nature and scope of the ongoing investigation is confidential." [Id. at 3-4.] The Government acknowledges that, on April 6, 2009, the Federal Bureau of Investigation ("FBI") "obtained two search warrants and seizure warrants from this Court." [Id. at 4.] More

2

specifically, these documents entailed:

> The search warrants authorized searches of (1) offices located at 310 Hookahi Street, Suite 201, Wailuku, Maui (Mag. No. 09-00243 LEK), and (2) a residence located at Lot 77 of the Waiolani Mauka Subdivision in Waikapu, Maui (Mag. No. 09-00253 LEK).  The seizure warrants authorized the seizure of (1) funds contained in six Maui County Federal Credit Union accounts held in the names of Hawaiiloa Foundation, Mahealani Ventura-Oliver and/or the John D. Oliver Trust (Mag. No. 09-00244 LEK), (2) funds contained in two Hawaii National Bank accounts held in the names of Pilialoha K. Teves and Kaikaikaokalani K. Teves (Mag. No. 09-00245 LEK), (3) funds in a First Hawaiian Bank account held in the name of the Petro T. Hoy Trust (Mag. No. 09-00246 LEK), (4) a 2005 Toyota Tacoma pickup truck registered to John D. Oliver (Mag. No. 09-00247 LEK),(5) [sic] a 2006 Toyota Tacoma pickup truck registered to John D. Oliver and Ihilani K.A. Catugal (Mag. No. 09-00248 LEK), (6) a 2009 Toyota Prius registered to Leatrice Lehua Hoy (Mag. No. 09-00249 LEK), (7) assorted gold and silver coins (Mag. No. 09-00250 LEK), and (8) a gold bracelet (Mag. No. 09-00251 LEK).

[Id. at 4 n.1.]

The Government urges that the Petition be denied because Ms. Oliver was given copies of the warrants, and these warrants represent the Court's determination that the searches and seizures were supported by probable cause.  To the extent that Petitioners seek disclosure of the affidavits filed in support of these warrants, the Government argues that the request should be denied because of the ongoing criminal investigation and because these affidavits were sealed by court order.  If the Petition is construed as a motion to return property pursuant to Fed. R. Crim. P. 41(g), then the Government submits that the

Court should deny the motion because Petitioners cannot show that the Court should exercise its equitable jurisdiction in this matter.

**DISCUSSION**

**I.   Unsealing Search Warrants**

Petitioners request unsealing of the applications and affidavits for search warrant.  The Government points out that the criminal investigation is still ongoing and that Ms. Oliver was provided with copies of the search warrant and a receipt of the items taken.

"Normally a search warrant is issued after an *ex parte* application by the government and an *in camera* consideration by a judge or magistrate [judge]." Times Mirror Co. v. United States, 873 F.2d 1210, 1214 (9th Cir. 1989) (citation omitted).  Here, the Government, concurrent with its submission of the applications and affidavits for search warrant, filed a motion to seal these documents which was granted upon a showing that the criminal investigation required secrecy.  Sealing orders may be "granted freely upon a showing that a given criminal investigation requires secrecy." Id.  There is "no First Amendment right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned." Id. at 1218.  Nor have Petitioners identified a specific need for the applications and affidavits

4

for search warrant before the criminal investigation has been concluded and/or indictments have been returned.

This Court FINDS that Ms. Oliver was given copies of the warrants, and receipt for the taken property.  [Response, Exhs. A.]  This Court further FINDS that the record favors denying Petitioners' request to unseal the applications and affidavits for search warrant at this time.  This Court therefore RECOMMENDS that the district judge DENY the Petition to the extent that Petitioners seek copies of the search and seizure warrants, and the affidavits filed in support of these warrants, before the criminal investigation has concluded and/or indictments have been returned.

## II.  **Rule 41(g)**

Return of property in a criminal case is governed by Rule 41(g), which provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).  Rule 41(g) is ordinarily used to seek the return of property after an indictment is issued.  Criminal proceedings have not been instituted against Petitioner at this time.  "Nonetheless, district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993) (citing United

peu

States v. Martinson, 809 F.2d 1364, 1366-67 (9th Cir. 1987))

(construing former Fed. R. Crim. P. 41(e), the subsection that

formerly pertained to motions for return of property).   In those

instances, "[t]hese motions are treated as civil equitable

proceedings and, therefore, a district court must exercise

'caution and restraint' before assuming jurisdiction."   Id.

(quoting Kitty's East v. United States, 905 F.2d 1367, 1370 (10th

Cir. 1990).

        In deciding a pre-indictment Rule 41(g) motion, several

factors must be considered:

> [B]efore a district court can reach the
> merits of a pre-indictment [Rule 41(g)] motion,
> the district court must consider whether: (1) the
> Government displayed a callous disregard for the
> constitutional rights of the movant; (2) the
> movant has an individual interest in and need for
> the property he wants returned; (3) the movant
> would be irreparably injured by denying return of
> the property; and (4) the movant has an adequate
> remedy at law for the redress of his grievance.
> If the balance of equities tilts in favor of
> reaching the merits of the Rule 41(g) motion, the
> district court should exercise its equitable
> jurisdiction to entertain the motion.

United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005)

(citations and quotation marks omitted) (alterations in

original).   As to the first factor, an *in camera* review of the

Application and Affidavit for Search Warrant supports a finding

that the Government has not displayed a callous disregard for

Petitioners' constitutional rights.   The second factor appears to

be neutral as Ms. Oliver because has an individual interest in

the property seized from her home, but there is no evidence that
she needs to have the property returned at this time (as opposed
to after the investigation is completed).  [Response, Exh. A.]
In contrast, Mr. Lighter does not appear to have any interest in
the property that was seized.  [Response, Exhs. A-F.]  As to the
third factor, because the property seized is neither perishable
nor unique, this Court cannot conclude that Ms. Oliver would be
irreparably injured by denying return of the property before the
investigation has been completed.  Neither would Mr. Lighter be
irreparably injured because he does not appear to have any
property rights in the seized items.  Finally, as to the fourth
factor, if an indictment is rendered against Petitioners, they
can file a post-indictment Rule 41(g) motion for return of
property.  Likewise, if the Government does not indict them and
fails to return the property or damages the property in some
manner, they can file a civil lawsuit.  Thus, an adequate remedy
at law for redress does exist.

On balance, this Court FINDS that the equities do not
tilt in favor of reaching the merits of the Rule 41(g) motion,
and RECOMMENDS that the district judge should not exercise its
equitable jurisdiction to entertain the motion.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS
and RECOMMENDS that Petitioners Mahealani V. Oliver and

Eric Lighter's Petition, filed April 29, 2009, be DENIED.

**IT IS SO FOUND AND RECOMMENDED.**

DATED AT HONOLULU, HAWAII, June 19, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

IN RE MAHEALANI OLIVER & ERIC AARON LIGHTER; MC 09-00120 HG-LEK; FINDINGS AND RECOMMENDATION TO DENY PETITION FOR RETURN OF PROPERTY